UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NARINDER S. SAMRA,

    Plaintiff,

v.

KARNAIL S. JOHAL, *et al.*,

    Defendants.

Case No. C09-0171RSL

ORDER DENYING DEFENDANTS'
MOTION TO STRIKE AND DISMISS
ALLEGATION OF PRIOR DECEIT

    This matter comes before the Court on defendants' motion to dismiss or, in the alternative, to strike an allegation contained in plaintiff's complaint. Plaintiff alleges that defendants failed to invest $140,000 as agreed between the parties and that they intend to exclude plaintiff from any proceeds obtained through the investment. Plaintiff asserts that defendants breached their fiduciary duty, engaged in fraud, converted plaintiff's property, breached their contract, and breached their duty of good faith and fair dealing. In support of his claims, plaintiff alleges that defendants "have a history of committing fraud and deceit and in this instance induced [plaintiff] to invest One Hundred Forty Thousand Dollars ($140,000) and other funds with no intention of paying [p]laintiff any proceeds received as a result of the sale or transfer of the above[-]mentioned Farnsworth Property." Complaint at ¶ 15.

    There is no indication that plaintiff intends to assert a fraud claim based solely on the allegation that defendants had a "history of committing fraud and deceit." Plaintiff's fraud

ORDER DENYING DEFENDANTS'
MOTION TO STRIKE AND DISMISS
ALLEGATION OF PRIOR DECEIT

claim, as stated in the second cause of action, is specifically limited to defendants' conduct regarding the Farnsworth property. Defendants have not shown that the second cause of action is inadequately pled or that dismissal is otherwise appropriate.

Defendants argue that the allegation of prior deceit should be stricken under Fed. R. Civ. P. 12(f) because it is irrelevant and prejudicial. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Ev. 401. A reasonable finder of fact could conclude that a person who has historically bent the truth and/or misled business partners in similar circumstances is likely to do so again: in fact, the impact of this evidence can be so great that other rules of evidence narrow the circumstances in which it can be admitted. Evidence of prior bad acts is relevant for purposes of Rule 12(f) even if it is not admissible under Fed. R. Ev. 404 and/or 406.[1] Nor have defendants shown that the allegation is scandalous and therefore subject to striking under Rule 12(f). The generalized allegation of fraud and deceit, while insufficient under the pleading rules, is not reprehensible and will not generate public outrage.

For all of the foregoing reasons, defendants' motion to dismiss or strike is DENIED.

Dated this 5th day of January, 2010.

Robert S. Lasnik
United States District Judge

---

[1] Defendants' evidentiary objections are premature. Neither the complaint nor evidence of prior bad acts has been offered into evidence for any purpose. The specific context in which evidence regarding the parties' prior dealings is offered will determine whether the evidence is admissible under Rules of Evidence 404 and/or 406.

ORDER DENYING DEFENDANTS'
MOTION TO STRIKE AND DISMISS
ALLEGATION OF PRIOR DECEIT          -2-