UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NARINDER S. SAMRA,

                Plaintiff,

     v.

KARNAIL S. JOHAL, *et al.*,

                Defendants.
_____

Case No. C09-0171RSL

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

        This matter comes before the Court on defendants' "Motion for Summary Judgment." Dkt. # 33. Plaintiff has asserted claims of fraud, conversion, breach of fiduciary duty, breach of contract, and breach of the duty of good faith and fair dealing against defendants. Defendants seek summary judgment on all of plaintiff's claims based on the applicable statutes of limitation or lack of ripeness.

        Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has

satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## BACKGROUND

In 2005, the parties reached an oral agreement to combine resources for the purchase of an investment property known as "the Farnsworth Property" located at 12206 172nd Avenue NE in Redmond, Washington. There is some dispute regarding the terms of the oral agreement. Plaintiff maintains that his name was to appear on the title as a purchaser, that he would have a 40% interest in the property, and that he would double his money when the property was sold within a year of the purchase. Plaintiff also asserts that he did not agree to pay any of the carrying costs associated with the investment: his total investment was to be $140,000.[1] Defendants, on the other hand, assert that plaintiff affirmatively declined to be identified as an owner on the title and that each investor was to participate in the costs and profits of the venture in one-third shares.

---

[1] Plaintiff supplied a declaration "under penalty of perjury" as a supplement to his opposition memorandum. Dkt. # 72. The Court assumes, for purposes of this motion, that the lack of reference to "the laws of the United States" is immaterial and has considered the declaration in deciding defendants' motion.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT         -2-

On or about March 10, 2005, defendants purchased the Farnsworth Property for $1,100,000 using a combination of plaintiff's $140,000, their own funds, and a $700,000 loan. Defendants recorded a statutory warranty deed for the property on March 16, 2005. The deed identifies only Karnail and Nilakumari Johal as owners of the property.[2] In his affidavit, plaintiff asserts that he was unaware that his name was not on the deed until October 2006. When he demanded that his name be added, Karnail Johal allegedly agreed to buy plaintiff's interest in the Farnsworth Property for $280,000. Plaintiff states that, despite repeated demands between October 2006 and July 2007, defendants have not paid the $280,000.

Plaintiff sued defendants in the Eastern District of California on October 30, 2008. The complaint asserts claims of fraud, conversion, breach of fiduciary duty, breach of contract, and breach of the duty of good faith and fair dealing arising out of defendants' failure to place plaintiff's name on the title to the Farnsworth Property and their intent to deprive plaintiff of the proceeds of the sale of the property. The complaint makes contradictory assertions regarding plaintiff's share of the investment. In one paragraph plaintiff claims a 40% interest in the property, but the following paragraph acknowledges that any profits would be shared equally amongst the three investors. Compare Complaint ¶ 12 with ¶ 13. On February 9, 2009, the action was transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

**A. Claims Arising from Defendant's Failure to Put Plaintiff's Name on Deed**

Plaintiff alleges that defendants breached their oral agreement, converted funds, defrauded plaintiff, and breached various duties when they failed to put plaintiff's name on the title of the Farnsworth Property. Regardless of whether Washington or California law applies,

---

[2] Defendants assert that they periodically provided Excel spreadsheets regarding the Farnsworth Property investment to plaintiff, starting in or before June 2005. The spreadsheet reflects that the Johals held title to the property and that the parties have equal shares in the investment. Plaintiff states that he received only one document concerning the Farnsworth Property, in or around July 2007. This factual dispute cannot be resolved in the context of a Rule 56 motion.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT -3-

these claims had to be brought, at the very latest, within three years of accrual. RCW 4.16.080(3) (an action upon an oral contract must be commenced within three years); Cal. Code of Civ. Pro. § 339 (an action upon a contract not founded upon a writing must be brought within two years).

Plaintiff suggests that the statute of limitation began to run in October 2006 when he discovered that his name was not on the title. Knowledge of the alleged harm will be inferred if plaintiff could have, with the exercise of due diligence, discovered it. Under both Washington and California law, the recording of an instrument regarding real property provides constructive notice of its contents unless circumstances would not have led plaintiff to those records. See Strong v. Clark, 56 Wn.2d 230, 232 (1960); Field-Escandon v. DeMann, 251 Cal. Rptr. 49, 54 (Cal. App. 1988). In the circumstances presented here, a reasonably prudent investor would have reviewed the deed on which his investment was based and discovered the alleged fraud/breach on or shortly after the statutory warranty deed was recorded. Plaintiff is therefore charged with knowledge of his title-related claims as of March 16, 2005. To the extent that plaintiff's claims are based on defendants' failure to put his name on the deed, they are barred by the applicable statute of limitations.

**B. Equitable Estoppel and/or Acknowledgment of Debt**

Plaintiff argues that Karnail Johal's offer to pay plaintiff $280,000 for his interest in the Farnsworth Property "constitutes a statement which is inconsistent with the Johal's [sic] intent to apply statutes of limitations to Samra's claims." Opposition (Dkt. # 65) at 6. Plaintiff's theory is that the offer to pay caused him to refrain from pursuing his remedies against defendants such that defendants should be equitably estopped from raising the statutory bar as a defense. Plaintiff's reliance must be reasonable, however: in the circumstances presented here, defendants' offer of settlement could not be construed as a waiver of the statute of limitation or a tolling agreement.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT        -4-

Plaintiff has not identified any cases in which the doctrine of equitable estoppel was applied in similar circumstances. Under the law of Washington, a new promise to pay or an acknowledgment of a debt will restart the statute of limitations only if "contained in some writing signed by the party to be charged thereby." RCW 4.16.280. No writing has been alleged. Nor has plaintiff alleged, much less proven by clear, cogent, and convincing evidence, that defendants attempted to mislead plaintiff or lull him into foregoing his legal claims. There is no indication, even in plaintiff's version of events, that defendants waived or promised to toll the statute of limitations. At most, the evidence shows that the parties contemplated a settlement which never came to fruition. According to plaintiff, Karnail Johal promised to buy his interest in the Farnsworth Property in October 2006 and, "[o]ver the next several months," plaintiff attempted to obtain payment. The mere hope of a settlement, without some firm agreement or promise to toll the statute, cannot be reasonably relied upon to extend the limitations period. Even if the statute were temporarily tolled, the settlement negotiations fell apart within months: it should have been clear that the matter was not going to be amicably resolved when defendants failed to make timely payment under the purported agreement. Any tolling in these circumstances would have been of short duration and would not have extended the limitations period to the end of October 2008.

**C. Claims Regarding Defendant's Intent to Deprive Plaintiff of Proceeds**

Plaintiff alleges that defendants induced plaintiff to invest $140,000 and other funds "with no intention of paying Plaintiff any proceeds received as a result of the sale or transfer of the above mentioned Farnsworth Property." Complaint at ¶ 15. Defendants provided evidence that they have not alienated the property, that they continue to make mortgage payments and otherwise manage the asset, and that they are holding the Farnsworth Property for the benefit of the investors, including plaintiff. Plaintiff offers nothing in support of his allegations regarding defendants' intent to exclude him from the proceeds of the future sale.

Having raised no genuine issue of fact regarding defendants' intent with regards to the ultimate disposition of the proceeds, plaintiff's claims regarding what might happen in the future fail as a matter of law.

### D. Allocation of Proceeds

There is a genuine dispute regarding the parties' percentage share of the investment. Plaintiff alleges that he was promised 40% of the proceeds while defendants state that the investors were to share equally. Plaintiff has not, however, demanded declaratory or injunctive relief regarding his percentage share: all of the relief sought in the complaint assumes a pecuniary loss. Nor does plaintiff have standing to adjudicate this dispute given that he has not alleged a loss or injury at this point in time. If and when the Farnsworth Property is sold and the proceeds are distributed to the investors, plaintiff may then have a claim. At this point, however, the dispute regarding percentage share is largely theoretical. The property may never be sold. If it is, it may sell at or below the purchase price, in which case the difference between a 33% share and a 40% share would not satisfy the jurisdictional amount for a federal action. The possibility that this Court lacks jurisdiction is another indication that this dispute is not ripe for resolution.

### E. Improper Use of Plaintiff's Funds

In his declaration, plaintiff asserts that defendants improperly acquired and used his funds, in excess of the $140,000, to manage the Farnsworth Property. There is no such allegation in the complaint. Rather, plaintiff acknowledged that he "provided a cashier's check in the amount of . . . $140,000 *and other funds* to invest with Defendant Karnail S. Johal and Nilakumari Johal in the purchase of" the Farnsworth Property. Complaint at ¶ 10 (emphasis added). Plaintiff may not avoid summary judgment by raising for the first time a claim that was not asserted in the complaint.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED.

Dated this 25th day of January, 2010.

*Robt S Lasnik*
Robert S. Lasnik
United States District Judge